IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


JOSEPH ALBERT GANDOLFF,

     **Plaintiff,**

vs.                                                                  CASE NO. 1:08CV248-MP/AK

BY THE PLANET, INC., et al,

     **Defendants.**

_____/


## REPORT AND RECOMMENDATION

This action represents another attempt by Plaintiff to collect damages arising from his employment with Defendant By The Planet.  There is an appeal pending in Case. No. 1:06cv108, which is based on his allegations that Defendant violated the Fair Labor Standards Act in failing to pay him overtime and which resulted in entry of a default judgment and writ of execution.  The present action is against the company and its president for "fraudulent transfers" of assets under Florida law allegedly to avoid the writ and judgment entered in Case No. 1:06cv108.

As relief, Plaintiff seeks to have a receiver appointed to "control" Defendant's assets; an injunction against further transfers; an order voiding all the transfers and directing the United States Marshals Service to seize property; and discovery of, and testimony in court, about the assets and their disposition.

Plaintiff cites the Uniform Fraudulent Transfer Act, Fla. Stat. §726.01, et seq. and Rule 69, Federal Rules of Civil Procedure, as grounds for his claims.[1]

Plaintiff obtained a default judgment and a writ of execution in Case No. 1:06cv108.  (See Docs. 17 and 31 in 1:06cv108).  A hearing was scheduled before District Judge Maurice M. Paul to determine whether Defendant and the business' registered agent, Mr. Anthony McKnight, should be held in contempt for failing to respond to discovery related to his assets and the execution of the writ.  (Doc. 44).  On the date the hearing was to be held, Plaintiff filed a Notice of Appeal and the case is now pending in the Eleventh Circuit Court of Appeals.  As was recently noted by the Court, until the Eleventh Circuit rules on the appeal this court is without jurisdiction to decide the issues raised in 1:06cv108.

The issues raised in this separate action concern the claims at issue in Case No. 1:06cv108 and in the opinion of the undersigned this cause should be dismissed or consolidated with Case No. 1:06cv108.  As the Court noted recently in Case No. 1:06cv108, (doc. 75), Plaintiff filed his appeal before the Court could resolve the contempt issues.  Should the Court of Appeals remand the matter to the district court to resolve the contempt issue, the issues raised in this action could be considered as further grounds for a finding of contempt, i.e that McKnight and/or By The Planet have attempted to avoid execution of the writ by fraudulently transferring property.

Plaintiff cannot avoid the delay occasioned by his appeal in 1:06CV108 by filing this separate action based on state law.  According to the Uniform Fraudulent Transfer

---

[1]  Rule 69 applies to writs of execution.

**No. 1:08cv248-MP/AK**

Act, jurisdiction of proceedings under that statute must be in the circuit court for the county where the principal place of business resides and other requirements of bond and notice apply.  See Florida Statutes §727.102 and 104.

Plaintiff has not alleged any constitutional violation such that original jurisdiction could be obtained under the court's federal question jurisdiction nor does he have diversity with the defendants.  Without original jurisdiction, supplemental jurisdiction over the state law claims does not attach.  28 U.S.C. §§ 1331, 1332,1367.

A court may raise a jurisdictional defect *sua sponte* at any time.  New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1577 (N.D. Ga. 1995), *citing* Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992); Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause  be **DISMISSED** for lack of subject matter jurisdiction or, in the alternative, consolidated with Case No. 1:06cv108.

**IN CHAMBERS** at Gainesville, Florida, this __*15th*__ day of June, 2009.

*s/ A. KORNBLUM* _____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv248-MP/AK**